# United States Court of Appeals
## For the First Circuit

No. 17-1379

UNITED STATES OF AMERICA,

Appellee,

v.

CARLOS RAFAEL ACOSTA-JOAQUIN,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. Jon D. Levy, U.S. District Judge]

Before

Howard, Chief Judge,
Boudin and Kayatta, Circuit Judges.

Tina Schneider on brief for appellant.
Benjamin M. Block, Assistant United States Attorney, and
Halsey B. Frank, United States Attorney, on brief for appellee.

July 2, 2018

**BOUDIN, <u>Circuit Judge</u>**.  Carlos Rafael Acosta-Joaquin ("Acosta"), who appeals from his conviction for fraudulent use of a social security number not his own, is a Dominican citizen.  He entered the United States illegally sometime in 2005 or 2006, has remained ever since and early adopted the name of a U.S. citizen named Kelvin Valle-Alicea ("Valle").  Following a four-count indictment,[1] a jury convicted Acosta in October 2016 of one count of social security fraud, 42 U.S.C. § 408(a)(7)(B), acquitting him of the other three counts charged.

Acosta moved for a judgment of acquittal at the close of the government's case-in-chief, Fed. R. Crim. P. 29(a), and again after the jury returned its verdict, <u>id.</u> at 29(c).  This appeal is from the district judge's refusal to preclude or overturn the conviction.  In evaluating Acosta's claim that the evidence was insufficient to sustain a conviction, we review the evidence, including all plausible inferences drawn therefrom, "in the light most favorable to the verdict."  <u>United States</u> v. <u>Wyatt</u>, 561 F.3d 49, 54 (1st Cir. 2009) (citation omitted).

---

[1] Count One charged Acosta with Theft of Government Funds (SNAP benefits), in violation of 18 U.S.C. § 641; Count Two with Theft of Government Funds (MaineCare benefits), in violation of 18 U.S.C. § 641; Count Three with Social Security Fraud, in violation of 42 U.S.C. § 408(a)(7)(B); and Count Four with Identity Theft, in violation of 18 U.S.C. § 1028(a)(7).

Federal and state agents in February 2016 executed a search warrant at Acosta's apartment in Portland, Maine. Interviewed outside the apartment but told he was free to leave, Acosta stayed, first asserting that he was Kelvin Valle-Alicea, born in Puerto Rico in 1984; and he gave as his social security number the number assigned to Kelvin Valle-Alicea.

Once inside Acosta's apartment the agents found items indicating that Acosta was not Valle, including a birth certificate of a child born in 2009, which listed "Carlos Rafael Acosta-Joaquin" as the father of the child and the mother as Patricia Afthim. Acosta then admitted that he was a Dominican citizen and former soldier in its army who had come to the United States illegally. The lead agent then halted the interview, recited to Acosta the warnings prescribed by Miranda v. Arizona and secured a waiver of his rights. 384 U.S. 436, 444 (1966). Acosta further admitted that he had paid to be smuggled into the United States and bought from a third party for $400 a social security card and birth certificate in the name of Kelvin Valle-Alicea. Acosta was duly arrested and the indictment already described above followed.

Both Acosta and Afthim testified at trial; Acosta admitted his real identity and nationality, his illegal entry into the United States and his purchase of Valle's birth certificate and social security card. He further admitted to repeatedly using Valle's social security number and identity, including on his tax

- 3 -

returns, employment paperwork, requests for public financial assistance, motor vehicle registrations and, importantly for this appeal, a form accompanying his payment to the Maine Judicial Branch regarding a traffic infraction. The judge declined to debar or set aside the jury's conviction and later sentenced Acosta to fourteen months in prison. This appeal followed.

The statute in question, 42 U.S.C. § 408(a)(7)(B), pertinently provides that a person who, (1) "for any . . . purpose," (2) "with intent to deceive," (3) "falsely represents a number to be the social security account number assigned by the Commissioner of Social Security to him or to another person," (4) "when in fact such number is not the social security account number assigned . . . to him or to such other person" is guilty of a felony for which punishment is prescribed. The count of conviction charged that on or about September 22, 2015, Acosta used a social security number on a Payment Notice Order filed with the Maine Judicial Branch knowing that the number was not assigned to him.[2]

---

[2] The Payment Notice Order form (Form MJBVB-3) is a notice issued by the Violations Bureau of the Maine Judicial Branch regarding traffic infractions. The form, issued to Acosta following a traffic violation, was admitted as evidence at trial and states that Acosta was required to pay a fine of $50 to the Violations Bureau within thirty days. In signing the form, Acosta confirmed that he read the order, understood its contents and acknowledged its receipt. Most importantly, Acosta--having apparently presented Valle's identification when stopped for the traffic infraction--signed the form as Valle and listed the social security number issued to Valle.

On appeal, defendant's brief neatly summarizes his main argument in the third paragraph of the argument section:

> Defendant never falsely represented a number to be the social security number assigned to him, Carlos Rafael Acosta-Joaquin. Defendant accurately represented that number to be the social security number assigned to Valle, which it was.

The government says that the defense did not raise this argument below and, by only raising "specific sufficiency arguments" in the Rule 29 motions--rather than "a general sufficiency objection accompanied by specific objections"--Acosta waived the argument. United States v. Foley, 783 F.3d 7, 12 (1st Cir. 2015) (citations omitted). The government therefore urges us to review only for clear and gross injustice, instead of conducting the usual de novo review for preserved sufficiency challenges. See United States v. Morel, 885 F.3d 17, 22 (1st Cir. 2018) (citations omitted).

To simplify matters, we will assume for purposes of this opinion that the argument was preserved; if not preserved, this court would still be left with the underlying issue of whether error occurred at all and, if so, how plain or unjust. Nothing in this detour would alter the result: the defense's reading, taking advantage of a line of text that is perhaps ambiguous if read literally and out of context, is so patently unsound that it deserves to be refuted outright and buried forever.

There is a contemporary academic dispute about the proper rules and techniques for the reading of statutes, including the many so-called precepts (e.g., the rule of lenity). But the central notion that begins with language but takes account of purpose where purpose can be discerned is centuries old, and the precepts--frequently pointing in different directions--are more often used to justify than to control the outcome. See generally Victoria Nourse, Misreading Law, Misreading Democracy (Harvard Univ. Press 2016). Above all, the critical element in judging is judgment--usually shaped and derived by the experiences of life. Here, the defense's reading of the statute fights against the most natural reading of the text, and does so in favor of a reading that no legislator in his or her right mind could have intended.

When Acosta tendered Valle's social security number on September 22, 2015, Acosta was representing that he--the individual signing the Payment Notice Order form--had been assigned that social security number. That was untrue since the number had been assigned by the Social Security Administration to another individual. The statutory conditions were all met: the jury could readily infer an intent to deceive and could hardly doubt knowledge on Acosta's part that the number had not been assigned to Acosta, making it a false representation. This was as clean and complete a violation as one can imagine.

The defense says that Acosta truthfully represented that the social security number provided on the form belonged to Valle. Acosta did nothing of the kind. Acosta falsely tendered the number as assigned to him; and Acosta knew that it had not been assigned to him but rather he had himself purchased it from a third party in order to disguise his own identity and avoid deportation or charges of illegal entry. Properly read as any rational legislator would have intended, both the language and purpose of the statute fit perfectly Acosta's conduct and his intent.

That the defense could argue otherwise results from a drafting technique that sought to deal in one sentence with two different possible misrepresentations. The first misrepresentation--charged and found by the jury--was that Acosta, "with intent to deceive, falsely represent[ed] a number to be the social security account number assigned . . . to him . . . when in fact such number is not the social security account number assigned . . . to him." 42 U.S.C. § 408(a)(7)(B).

The second possible misrepresentation captured by the statute would occur if, for example, Acosta had represented to a public benefits office that the number assigned to Valle was the number assigned to Acosta's spouse, who had authorized Acosta to collect benefits on the spouse's behalf. This second situation would be one in which an individual, "with intent to deceive, falsely represent[ed] a number to be the social security account

- 7 -

number assigned . . . to another person . . . when in fact such number is not the social security account number assigned . . . to such other person." Id. That Acosta avoided a lie that would have violated the second target of the statute does not acquit him from violating the first.

To support his statutory construction argument, the defense directs us to United States v. Doe, 878 F.2d 1546 (1st Cir. 1989). In Doe, this court did overturn a conviction under the same statute, prior to its present redesignation, where a defendant possessed a social security card bearing his name but the number of another. Id. at 1553. However it did so not because of the argument made in this case but because of other flaws: First, the government apparently erred in describing the time and place of the charged crime in the indictment, id. at 1552-54, and second, there was a lack of evidence that the defendant had "misused the card with 'intent to deceive'" because he only "handed the card over to [the officer] when requested to do so after his arrest," id. at 1554 (citation omitted).

Contrary to the defense brief, the statute sensibly read is not "grevious[ly] ambigu[ous]." Muscarello v. United States, 524 U.S. 125, 139 (1998) (citations omitted). There are not "two rational readings," McNally v. United States, 483 U.S. 350, 359 (1987) (superseded on other grounds), and the "plain meaning" of the statute, when the purpose of the "or to another person"

language is perceived, does not assist the defense at all, <u>United States</u> v. <u>Gordon</u>, 875 F.3d 26, 33 (1st Cir. 2017); 42 U.S.C. § 408(a)(7)(B).

In short, the statutory language on which the defense dwells forbids a lie Acosta did not tell; it does not excuse the lie he told that was clearly proscribed.  Happily, neither the jury nor the district judge was confused by the over-condensed statutory language, nor are we.

**<u>Affirmed</u>**.